Maria Antonia HERRERA ESTRADA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71341.
Agency No. A70–964–748.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2004.

Decided March 5, 2004.

Garish Sarin, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief

Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Regina Byrd, Attorney, Elizabeth J. Stevens, U.S. Department of Justice, Washington, DC, for Respondent.

Before NOONAN, THOMAS, and BEA, Circuit Judges.

## MEMORANDUM *

Maria Antonia Herrera Estrada, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming the immigration judge's ("IJ") denial of asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's factual findings under the substantial evidence standard. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Herrera Estrada testified that anti-government guerrillas attempted to recruit her, and pushed her against a wall, where she hit her head, when she refused to join them. Although Herrera Estrada did suffer some harm, she failed to present sufficient evidence to compel a finding that the harm she suffered rose to the level of persecution. *See e.g. Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (holding that harassment, threats, and one beating did not constitute persecution); *Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (holding that minor abuse during brief detention did not compel finding of past persecution).

Moreover, Herrera Estrada's refusal to cooperate with the guerrillas is insufficient to compel a finding that the harm she suffered, or the harm she fears, was or would be nflicted on account of her actual or imputed political opinion. *Elias–Zacarias,* 502 U.S. at 481–82 (rejecting claim that resistance to forced recruitment necessarily constitutes expression of hostile political opinion).

Accordingly, substantial evidence supports the IJ's finding that Herrera Estrada is not eligible for asylum on the basis of past persecution or a well-founded fear of future persecution.

In failing to qualify for asylum, Herrera Estrada necessarily failed to satisfy the more stringent standard for withholding of removal. *See Alvarez Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).[1]

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because Herrera Estrada's briefs before the BIA and this court were sufficient to present the issues raised, we reject the government's contention that Herrera Estrada failed to exhaust administrative remedies and waived the issues presented in this petition for review.